ESTATE OF RAMÓN LAMPÓN *v*. ESTATE OF CANUTO RIVERA.

APPEAL from the District Court of San Juan.

No. 436.—Decided May 13, 1910.

ACQUISITION OF OWNERSHIP BY PRESCRIPTION—ACTION FOR ANNULMENT OF CONTRACT—PRESCRIPTION.—In the absence of evidence of the simulation of the contract of purchase and sale under the deed of July 11, 1873, even if the sale had been a fictitious one, the action would have been barred by prescription, and for that reason it is unnecessary to consider whether or not the heirs of Ramón Lampón could attack the validity of the deed, repudiating the acts of their father.

ID.—REQUISITES FOR ACQUISITION OF OWNERSHIP BY EXTRAORDINARY PRESCRIP-
TION.—Although section 1860 of the Civil Code contains no provision in regard
to the conditions under which possession must he held in order to establish
extraordinary prescription, such possession must be as the owner of the thing
possessed, inasmuch as section 449 of the said Code provides in general terms
that only such possession as is acquired and enjoyed in the capacity of owner
may serve as a title for the acquisition of ownership.

ID.—EXTRAORDINARY PRESCRIPTION BY POSSESSION.—Such possession must be pub-
lic, peaceful and uninterrupted, according to the provisions of section 1842 of
the Civil Code, and, according to the provisions of section 1843 of said Code,
acts of possession, performed by virtue of permission or mere tolerance of the
owner, will not avail to produce either ordinary or extraordinary prescription.

ID.—SALE OF PROPERTY—CONTINUATION OF VENDOR IN POSSESSION THEREOF.—The
predecessor in interest of the plaintiffs having sold a property to the prede-
cessor of defendants by public deed, the simulation of which has not been
proved, and the vendor having continued in possession of said property ever
since he relinquished the title thereto, possessing the same without title, and
although his heirs possessed it under title of inheritance, and even supposing
that such possession was in good faith, the absence of a proper title is in
itself sufficient to render it necessary to resort to extraordinary prescription
when it is sought to establish the acquisition of ownership, and other property
rights, by means of prescription.

MEANING OF THE TERM ''OWNER''—CONVICTIO DOMINI.—The Civil Code does not
expressly define the term ''owner,'' and it cannot be said that the convictio
domini, or the belief that one is the owner of the thing possessed, is sufficient,
because, as no one can believe himself to be the owner of a thing unless he
has acquired it by some title, either original or derivative, it will be seen that
in order to acquire the ownership or any real right in a thing by extraordinary
prescription, possession must be held under a just title, which is one of the
requirements of prescription.

ID.—POSSESSION AS OWNER—DEFINITION.—In contradistinction to the meaning of
the term ''owner,'' as expressed in section 435 of the Civil Code, as an antithe-
sis thereof, the thing must be occupied or enjoyed, the ownership thereof being
in someone else; wherefore, if it is to be maintained that the person pos-
sessing a thing as its owner is not the one who preserves or enjoys the thing
the ownership whereof belongs to another person, but the one who preserves
and enjoys it by and for himself, and exercises thereover such acts as entitle
him to the legal consideration of landlord.

ID.—POSSESSION BY PLAINTIFFS' PREDECESSOR IN INTEREST.—Plaintiffs' prede-
cessor in interest possessed the property described in the complaint for more
than 30 years as the owner thereof, and inasmuch as the other conditions
required by the law for extraordinary prescription are present and favor his
heirs, it must be concluded that the plaintiffs own the property under that
title.

ID.—RIGHTS OF DEFENDANTS EXTINGUISHED.—If the possessory title of plaintiffs
has been converted into a title of ownership by prescription, any rights cre-
ated in favor of the defendants have likewise been extinguished by prescrip-
tion, and the record of defendants' title in the registry of property 35 years
thereafter is null and void.

ID.—REAL DEED OF SALE IN FAVOR OF DEFENDANT.—Notwithstanding the fact that the deed of sale executed by the predecessor in interest of the plaintiff to the defendants is real and true, nevertheless, as the former have acquired the ownership of the property by means of possession as the owners thereof for 30 years, the rights acquired by the defendants under said deed have been extinguished by extraordinary prescription.

The facts are stated in the opinion.

*Mr. Enrique Marquez Huertas* for appellants.

*Mr. José L. Pesquera* for respondents.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

On January 14, 1909, the Estate of Ramón Lampón Franquis, composed of his widow, Adelina Cabrera, and of the 11 legitimate children of both, named ·José Manuel, Mariana, Josefa Avelina, José Avelino, known also as José Ramón, Carmen Marciala, María Rita, Trinidad, José Rafael, Salvadora, Belén and Benildo, filed a complaint in the District Court of San Juan against the Estate of Canuto Rivera, represented by Ramona, Monserrate, María José, Dolores, Rosario, José Juana, Escolástica, Jesús, Canuto, Manuel and Ramón Rivera y Rivera and Ramón, Gavina, Eduvigis and Secundino Ortega y Rivera, in which complaint the following fundamental facts are alleged:

1. That the plaintiff estate, as well as their predecessor in interest, have possessed for more than 40 years, and continue to possess as owners, quietly, tranquilly and peacefully, without interruption, and also paying the proper taxes, a rural estate having an area of 38 *cuerdas,* the value of which exceeds $500, situated in the jurisdiction of Toa Alta, in *barrio* "Ortiz" of said judicial district, and having the metes and bounds described in the complaint.

2. That the plaintiffs are the only and exclusive owners of the said estate.

3. That their predecessor in interest, Ramón Lampón Franquis, by public deed of July 11, 1873, with the assent of

Canuto Rivera, in whom he placed his confidence as a friend, and to assist him in his business by giving him credit through this means, simulated the sale of the estate to Rivera, neither the latter nor his heirs or assigns, nor any other person in his name ever having possessed said estate or lived thereon.

4. That after the death of Ramón Lampón y Franquis, the defendants, as heirs of Canuto Rivera under said deed, brought an action of unlawful detainer in the District Court of San Juan, against Manuel Lampón to cause him to vacate the estate claiming that he was a tenant at sufferance, alleging that he possessed it without any title or right whatsoever, and Lampón, having failed to make answer to the complaint, the said court rendered judgment in default directing that Manuel Lampón should be ejected therefrom, which could not be done because it was not he who possessed it, but the Estate of Lampón which continued to possess it as theretofore.

The complaint concludes with the prayer that judgment be rendered against the defendants, holding that the ownership of the estate in question belongs by right of prescription solely and exclusively to the Estate of Ramón Lampón Franquis; that any right which the defendants might have or allege with respect to said real property has prescribed; that the deed of July 11, 1873, executed by Ramón Lampón in favor of Canuto Rivera, should be annulled, and that the record of such deed in the registry of property, in favor of Canuto Rivera or his sucessors or assigns, be canceled; and that the judgment rendered in the action of unlawful detainer, which the heirs of Canuto Rivera prosecuted against Manuel Lampón, should likewise be annulled, with the other pronouncements which may be proper in law, and with the costs against the defendants.

The defendants demurred to this complaint on the ground that it did not state facts sufficient to constitute a cause of action, which demurrer was overruled; and in their answer,

after denying each and every one of the facts alleged in the complaint, they alleged the following as their defense:

1. That Canuto Rivera, their predecessor in interest, acquired the rural estate of 38 *cuerdas* by purchase from Ramón Lampón Franquis under public deed No. 121 (?) executed before Notary Public Ramón Rodríguez, on July 11, 1873, for the price of 700 *pesos,* of which Rivera retained in his possession $240, namely, $200 representing the amount of an annuity on the estate in favor of the Royal Treasury, and $40 belonging to the minor, Antonio Olivera, which deed is duly recorded in the Registry of Property of San Juan.

2. That from the date of the execution of the said deed Canuto Rivera entered into possession of the estate and retained his possession until it was transferred to his heirs on his death, who now hold the property as the legal owners thereof.

3. That by another public deed number 122, also executed on July 11, 1873, before the said notary public, Ramón Lampón Franquis received the said $240 from Canuto Rivera, mortgaging, for the payment of the charges represented by this sum, another estate of 39 *cuerdas* adjoining that described in the complaint, which was thereby freed from such encumbrances.

4. That Ramón Lampón Franquis had acquired by public deed, executed before the same notary, on the same day, July 11, 1873, the estate sold to Canuto Rivera, by purchase from the Estate of Juan Evangelista Olivera.

5. That the action for the annulment of the deed, which it is sought to establish in the complaint, has prescribed, according to section 1268 of the Revised Civil Code.

The answer concludes with the prayer that judgment be rendered against the plaintiffs and in favor of the defendants, dismissing the complaint and adjudging the plaintiffs to pay the costs and the reasonable expenses of the action.

The trial having been had, the court rendered judgment on May 29, 1909, which was entered on June 1, follow-

326 ·     Estate of Lampón v. Estate of Rivera.

ing, holding that the facts and the law are in favor of the defendants and against the plaintiffs, and, therefore, that the latter are not entitled to the ownership by prescription of the estate in question, and holding also that the annulment of the deed of sale of said estate, executed by Ramón Lampón in favor of Canuto Rivera, does not lie, nor the annulment of the judgment rendered in the action of unlawful detainer relating to the said estate, in the case of Canuto Rivera against Manuel Lampón, without any special taxation of costs; from which judgment counsel for the plaintiff took an appeal to this Supreme Court.

In the opinion which serves as a basis for the judgment, the judge admits that the possession of Ramón Lampón Franquis, first, and afterwards of his heirs, with relation to the estate in question, has continued 35 years, and that it has been public, peaceful and uninterrupted during that period of time; but, holding that Ramón Lampón Franquis had not had such possession as owner as he could not have the *convictio domini*—that is to say, the belief that the estate belonged to him—knowing, as he did, that the owner thereof was Canuto Rivera under the deed which he himself executed in his favor on July 11, 1873; that the ownership claimed has not been acquired by prescription, and, therefore, that the complaint should be dismissed, without the necessity of examining the other legal questions raised.

We find that the evidence presented at the trial shows that, although Ramón Lampón Franquis sold to Canuto Rivera, by public deed of July 11, 1873, the estate recorded in the Registry of Property of San Juan under date of September 5, (?), at folio 45 volume 3, of Bayamón, and in May, 1909, in volume 7, folio 135, of Toa Alta, neither Canuto Rivera, nor upon his death, his heirs, the defendants, exercised any acts of ownership or possession over the estate, and, on the contrary, Ramón Lampón Franquis, since said year 1873 until his death in August, 1904, and, afterwards his heirs, possessed it publicly and peacefully, paid the taxes assessed

thereon, cultivated and leased it, being considered the owners thereof, said possession not having been interrupted until the year 1909, when the plaintiffs were ejected by virtue of the unlawful detainer proceedings brought by the heirs of Canuto Rivera.

At the trial there was no evidence of the simulation of the contract of purchase and sale involved in the deed of July 11, 1873, but even had such simulation existed, the action would have prescribed, for which reason it is unnecessary to discuss whether or not the heirs of Ramón Lampón could attack the validity of said deed, thereby repudiating the acts of their father.

We must act upon the supposition that the deed of purchase and sale was real, and upon this basis we will consider whether or not the heirs of Ramón Lampón have acquired the ownership of the estate by extraordinary prescription.

Section 1860 of the Civil Code provides as follows:

"Ownership and other property rights in real property shall also prescribe by uninterrupted possession of the same for 30 years without the necessity of title nor good faith and without distinction between present and absent persons, with the exception mentioned in section 546 of the second article, Chapter I, Title VII, of the Second Book of this Code."

Said section does not provide anything with regard to the conditions which must attend the possession for the extraordinary prescription; but we think that the possession must be as an owner, inasmuch as section 449 provides in general terms that only the possession acquired and enjoyed by a person, in the belief that he is the owner, can serve as a title to acquire ownership, and we also think that it must be public, peaceful and uninterrupted, according to section 1842, and that acts of possessory character, performed by virtue of a license, or by mere tolerance on the part of the owner, are of no effect for establishing possession, either with regard to ordinary or extraordinary prescription, in accordance with the provisions of section 1843.

If the deed of sale executed by Lampón in favor of Canuto Rivera was true, for, as stated above, we cannot consider it as having been simulated, Lampón relinquished the title of ownership which he had to said estate on the date of the execution of such deed, July 11, 1873, and, therefore, we must conclude that from said date he possessed it without title, although his heirs possessed it by title of inheritance, and it is unnecessary for us to discuss, for the purpose of this appeal, whether Lampón held possession in good faith, because the absence of a good title is in itself sufficient to make it necessary to resort to extraordinary prescription as a means of acquiring ownership and other property rights in real property.

Possession on the part of Lampón and his heirs has continued for more than 30 years, and during that time it has been public, peaceful and uninterrupted, according to the evidence presented at the trial.

All that now remains to be defined is whether or not such possession has been in the capacity of an owner, in order to deduce, if this was found to be the case, that the plaintiffs have, by extraordinary prescription, acquired the ownership of the estate in question.

The Civil Code does not expressly define what is to be understood by the capacity of an owner, and we cannot admit that such idea of an owner consists in the *convictio domini* or in the belief by the possessor that he is the owner of the thing possessed, because as no one can consider himself the owner of a thing if he does not acquire it by virtue of some original or derived title, we would find that in order to acquire ownership or any property right by extraordinary prescription, it would be necessary to hold possession under a just title, a requisite which such prescription does not demand.

The meaning of the words "in the capacity of an owner" must be a different one, and it appears to us that the mean-

ing of this term is that to be defined by section 435 of the Civil Code, which reads as follows:

"Section 435.—The possession of property and rights may be considered in one of two different aspects:. Either in that of the owner, or in that of the holder of the thing or right to keep and enjoy them, the ownership belonging to another person."

In opposition to the meaning of an owner, and as an antithesis of this meaning, we find the seizin of the thing to retain or enjoy it while the ownership belongs to another; from which antithesis, if it is to be sustained, it must be deduced that the possessor, in the capacity of an owner, is not he who holds or enjoys the thing while the ownership is vested in another person, but he who holds and enjoys it, by and for himself, exercising thereover acts which give him the legal consideration of the owner thereof.

It is in the latter sense that Ramón Lampón possessed for more than 30 years the estate described in the complaint; and as such possession, favoring his heirs, is attended by the other requisites which the law provides for extraordinary prescription, it is necessary to conclude that the ownership thereof vests in the plaintiffs under said title.

If the possession on the part of Ramón Lampón and his heirs has been converted into ownership by prescription, any right created in favor of Canuto Rivera by the deed of purchase and sale executed on July 11, 1873, has also been extinguished by prescription, and, consequently, the record of this deed in the registry of property 35 years later is null and void, as is the judgment in the action of unlawful detainer resulting in the ejectment of the heirs of Ramón Lampón Franquis from the estate, of which they were already the lawful owners.

For the reasons stated, we believe that the judgment appealed from should be reversed and that it should be held that the ownership of the estate involved in this litigation vests by right of extraordinary prescription in the Estate of

Ramón Lampón, even if the deed were true which is alleged by the plaintiffs to be simulated, and that the record of said deed in the registry of property is null and should, therefore, be canceled, as also the judgment rendered by the District Court of San Juan, in the action of unlawful detainer prosecuted by the heirs of Canuto Rivera against Ramón Lampón with relation to said estate, which is ordered to be restored to the plaintiffs.

*Reversed.*

Justices MacLeary and Wolf concurred.

Justices Figueras and del Toro did not take part in the decision of this case.